## CAVENDER *v.* CAVENDER.

*(Circuit Court, E. D. Missouri.* September 23, 1881.)

1. PLEADING—GENERAL REPLICATION.

The purpose of a general replication is to put in issue the new matter set forth in the answer.

2. SAME—EFFECT OF GENERAL DENIAL AS TO ADMISSIONS IN ANSWER.

A complainant does not deprive himself of the benefit of admissions in the respondent's answer by a general denial of the allegations thereof.

3. SAME—SAME—EVIDENCE.

Where a devise is alleged in the bill and admitted in the answer, it is not necessary, though proper, for the complainant to produce the will in evidence.

4. TRUSTS—DUTY OF TRUSTEE—INVESTMENT OF FUND—NEGLECT OF DUTY—INSOLVENCY—REMOVAL—APPOINTMENT OF NEW TRUSTEE—HIS DUTIES.

A. died, leaving a will, in which he named B. as his executor, and by which he devised one-half of his property, after the payment of his debts, to B., in trust for C., during his natural life, to be invested in real and personal security, and the income therefrom to be paid to C. semi-annually. B. qualified as executor, and subsequently, as executor, turned over the portion of the estate devised as aforesaid to himself as trustee, and as trustee receipted to himself as executor therefor, was discharged as executor, and gave bond as trustee, but failed for more than two years to invest money receipted for by him as trustee, or to pay C. his share of the income from real estate left by A., and became insolvent.

C. brought suit to have B. removed and a new trustee appointed, and for damages suffered by him from B.'s neglect of duty, and it was *held:* (1) That it was B.'s duty to have invested the fund that came into his hands as trustee, within a reasonable time after he qualified as such, at the current rate of interest, and to have paid the income therefrom, and one-half the income derived from said real estate, to C. semi-annually. (2) That B. should be removed from his trust and a new trustee appointed, whose duty it would be—*First,* to collect from B. and his sureties said principal sum received by B., and interest thereon from the time B. qualified as trustee; *second,* to collect from B. and his sureties one-half the income, if any, received by him from said real estate, and to pay the same, together with interest recovered, to C.; *third,* to invest said principal sum, and pay the income therefrom to C., as provided by said will; and, *fourth,* to collect, in the future, C.'s share of the income from said real estate and pay it over to him.

In Equity.

*T. A. & H. M. Post,* for complainant.

*John R. Shepley, Lucien Eaton,* and *J. S. Garland,* for defendants.

McCRARY, C. J. We have considered this case upon the evidence and argument of counsel, and our conclusions are as follows:

1. The pleadings sufficiently show that John Cavender bequeathed one-half of his estate, after the payment of his debts, to respondent in trust for complainant during his natural life, to be invested in real or personal securities, and the income to be paid to the complainant

v.8,no.9—41

semi-annually. This is distinctly alleged in the bill, and as distinctly admitted in the answer. It is true that the answer contains an averment that, by the terms of the will, after the lapse successively of the life estates of complainant and Caroline M., his wife, in the trust property, such property will descend to respondent and his heirs in fee-simple forever, discharged of the trust; but this allegation is immaterial, since we are now asked to deal with the income of the trust fund only during the natural life of the complainant. Nor does the fact that there is a general denial of the allegations of the answer by complainant's replication deprive him of the benefits of the admissions contained in the answer.

The purpose of the general replication is to put in issue any new matter set forth in the answer. It does not nullify the effect of an admission in the answer of an allegation of the bill. While it would have been proper for complainant to have produced the will in evidence, and we think it would have been better if he had done so, we are constrained to hold that respondent is bound by the admissions of his answer, and that they are broad enough to relieve complainant from the necessity of producing the will itself.

2. We are of the opinion that the proof sufficiently shows that respondent John S. Cavender, as executor of the will of John Cavender deceased, stood charged, in his official capacity, in the sum of $17,169.40, which sum, on the twenty-third of April, 1879, he turned over to himself as trustee for the complainant under said will, and executed a receipt therefor from himself as trustee to himself as executor; that upon filing said receipt in the probate court of the city of St. Louis, and upon giving bond and security approved by said court for the faithful administration of said trust fund, he was by the said probate court, on the thirtieth day of April, 1879, discharged as executor, and stood charged for that amount as trustee. All these facts appear in the certified transcript of proceedings of said probate court, including a certified copy of the said receipt, bond, and discharge, and by the deposition of McEntire, the deputy clerk of said court, who testified that said papers are true copies of the originals on file and of entries made upon the record of said probate court.

There is no testimony tending to show that the said final receipt and bond were not in fact executed by respondent, nor that the transcript is not a true copy of the original record and of the papers filed in the course of the proceedings in the probate court.

The proof before us, if not conclusive, is certainly *prima facie* evidence of the facts relied upon by the complainant.

3. This fund of $17,169.40 came into the hands of the respondent, as trustee, on the thirtieth day of April, 1879, and it was his duty, within a reasonable time, to invest it at the current rate of interest, and to pay the income therefrom semi-annually to the complainant. He has, for more than two years, neglected to do either; and he admits, in his testimony, that he is insolvent.

It is clearly the duty of the court, under such circumstances, to remove him from his trusteeship, and to appoint some suitable person, whose duty it will be to proceed to collect, from him and the sureties on his bond, the said sum, with interest from the time it came into his hands. The interest, when collected, will be payable to complainant; the principal will be, by the trustee, invested at current rate of interest, as provided by the will, and the semi-annual income will be by the trustee paid to the complainant.

4. It appears in evidence that there is certain real estate in the county of ———, Illinois, which belongs to the estate of John Cavender, deceased, the one-half of the income of which heretofore received by the respondent, if any, and also one-half of its income in the future, is payable to the complainant.

It will be the duty of the trustee to proceed to collect from respondent and his sureties one-half of any income he may have received from said real estate since the thirtieth day of April, 1879, and also to take measures to recover hereafter the portion of the income from said real estate which properly belongs to the complainant, and to pay the same over to him.

Let decree be entered accordingly.